UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 21-cr-465-2 (DLF) |
| | : | |
| v. | : | |
| | : | |
| **NICO GRIFFIN,** | : | |
| Defendant. | : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files the following Memorandum in Aid of Sentencing.

On March 23, 2022, Defendant Nico Griffin pleaded guilty to Count One of the Superseding Indictment for his involvement in a conspiracy to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Pursuant to the terms of the Plea Agreement, Defendant Griffin admitted that he is responsible for more than 22.4 grams but less than 28 grams of cocaine base.

Based on a CHC I and a Total Offense Level of 19, the Plea Agreement and PSR both calculate a sentencing Guidelines Range from 30-37 months of imprisonment.

Based on the 3553(a) factors and the terms of the Plea Agreement, the government requests the Court sentence the defendant to 37 months of imprisonment (the high-end of the Guidelines and the maximum sentence it can ask for pursuant to the Plea Agreement) followed by three years of supervised release. In support thereof, the government respectfully submits the following:

1

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Griffin has admitted under oath during the plea hearing, as further acknowledged in the signed Statement of Offense, to the following factual background in support of his plea:

1. Beginning in January of 2021, the MPD Narcotics and Special Investigations Division, along with the FBI, launched a formal investigation into the "MLK Crew," which is a group of individuals who were believed to be operating a drug trafficking conspiracy in and around the 2900 block of Martin Luther King Jr. Avenue, SE, Washington D.C.. As part of its investigation, MPD and FBI began conducting surveillance, obtaining search warrants, and making controlled buys of narcotics (including cocaine base) from suspected members of the conspiracy.

2. During the course of its surveillance, MPD and FBI observed Defendant Nico Griffin engaging in multiple hand to hand suspected narcotics transactions in and around the drug point and interacting with other members of the conspiracy. During the conspiracy, MPD and FBI made three controlled narcotics purchases from the Defendant, including the following purchases: .7 grams of cocaine base on March 16, 2021; .5 grams of cocaine base on March 24, 2021; and .9 grams of cocaine base on April 2, 2021.

3. For purposes of the Plea Agreement, Defendant admits that his role in the conspiracy included the distribution and the possession with the intent to distribute 22.4-28 grams of a mixture and substance containing a detectable amount of cocaine base.

4. The Defendant possessed the cocaine throughout the conspiracy, with the intent to distribute it as part of the conspiracy.

## **SENTENCING RECOMMENDATION**

All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court.  See United States v. Gall, 128 S.Ct. 586 (2007).  These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Nature and Circumstances of the Offense

Defendant Griffin was part of a drug trafficking conspiracy that was operating on a daily basis in and around the 2900 block of MLK Avenue. As detailed in its Omnibus Detention memorandum, which the government respectfully incorporates by reference herein, the investigation began in response to numerous citizen complaints about rampant drug trafficking and accompanying incidents of violence in the area. In addition to numerous citizen complaints, MPD targeted this area as one of the most notorious in the city in terms of recent shootings and shots fired, as well as for the area's high numbers of arrests—particularly offenses involving drugs and firearms.

Despite a police presence, MLK Crew members openly engaged in the sale of various drugs (including PCP, crack, fentanyl, and marijuana) and took over the area and, effectively, the neighborhood's businesses. MLK Crew members would often go into the neighborhood businesses to complete sales and constantly loitered outside of these businesses to engage in sales. Over the course of its investigation, MPD obtained video of defendants openly conducting narcotics

transactions in these businesses and even displaying firearms. During the course of its investigation, law enforcement seized at least 10 firearms (many of which were ghost guns) from MLK crew members and/or stash houses and a total of approximately 191 grams of cocaine base (142 of which were from controlled buys). As detailed in previous filings, numerous incidences of drug-related violence occurred in and around the 2900 Block of MLK Avenue, including multiple assaults, shootings, robberies, and murders—most notably, the murder of a 6-year old girl who was the daughter of Defendant Griffin.

Here, the nature and circumstances of the offense could not be more serious. Defendant Griffin was a part of a violent drug trafficking crew that inflicted havoc on his community. And, although Defendant Griffin is not charged with possessing firearms or engaging in violent acts himself, he was a part of the drug trafficking that enabled these activities to occur and destroyed his own community. Moreover, despite knowing that the drug point was a violent and dangerous place in which several violent incidents had just occured,[1] on July 16, 2021, Defendant brought his daughter to the drug point, where she was killed in a drive-by shooting (in which five other victims suffered gunshot wounds, including Mr. Griffin) around 11:00 p.m. A day later, after checking himself out of the hospital, Defendant Griffin then returned to the drug point where his daughter was killed and was arrested in possession of 18 rounds of .40 caliber ammunition. Accordingly, a 37-month sentence is warranted.

---

[1] On July 8, 2021, an Assault with a Dangerous Weapon (Gun) occurred at 600 Mellon St SE, with two victims sustaining gunshot wounds. On July 9, 2021, Robbery occurred at 2921 Martin Luther King Jr Ave SE. The victim came to the area to buy marijuana. During the transaction, one suspect brandished a firearm and pointed it at the victim while the other suspect grabbed the victim's property from his person. On July 15, 2021, an Assault with Intent to Kill (Gun) occurred at 625 Mellon Street SE. The victim of the offense was Barry Tyson, a defendant, who sustained gunshot wounds to the chest, abdomen, and legs.

History and Characteristics of the Defendant

Defendant Griffin has a long history with the 2900 block of MLK Avenue. Although he only has one prior conviction and is a CHC I, his one conviction (for gambling) took place in 2017 in front of 629 Mellon Street, SE, which is part of the drug point in this case. In addition to his prior conviction, he has 12 prior arrests (*see* ECF No 228, ¶¶ 75-87) for offenses such as unauthorized use of a motor vehicle, disorderly conduct/fighting (in the 2900 block of MLK Ave), gambling, possession of controlled substances and open container (offense involved 37 grams of marijuana and 9 grams of crack cocaine), simple assault (for hitting his child's mother in the head in front of their infant child on MLK Avenue), simple assault (for assaulting a security guard on MLK Avenue), cruelty to animals, unlawful entry, and threats to do bodily harm. Moreover, as previously described, the day after his daughter was killed in a drive-by shooting on MLK Avenue, the Defendant returned to the drug point with 18 rounds of .40 caliber ammunition.

Two YouTube videos, one entitled "Struggle" (posted September 2019) and the other entitled "Back 2 Da Basic" (posed December 2019) each contain Defendant Griffin in and around the drug point bragging, and flashing cash, drugs, and guns, to lyrics such as "I took the drug route, bitch."





The Government intends to play these videos for the Court at sentencing, has already disclosed them to the defense, and will provide a courtesy copy to the Court in advancing of sentencing. The Government would also request the videos (which will provided in a PowerPoint) be incorporated and attached to this sentencing memo as Exhibit 1. In short, Defendant has a long and troubled history with the drug point in this case and was a leading contributor to the decline of his own community. Based on his personal history and characteristics (which include endangering his own child by brining her to a violent drug point that resulted in her death), a sentence at the high-end of the Guidelines of 37-months is easily warranted.

Need for the Sentence Imposed

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a period of incarceration followed by supervision is warranted in this case. The recommended sentence of 37 months of incarceration reflects the seriousness of the offense and will serve to protect the community. This sentence strikes the proper balance between the serious nature of the defendant's actions and his troublesome criminal history on one hand, but also acknowledges that Defendant has not yet been prosecuted federally nor served federal prison time as a result of his

prior troubles with the law. The government's hope is that a 37-month period of incarceration, followed by three years of supervised release, will lead the defendant to change his criminal ways and permanently stay away from the criminal justice system upon his release.

The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and the need for adequate deterrence to criminal conduct. Based upon a consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the government respectfully asks the Court to impose a sentence of incarceration of 37 months followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY


 /s/ David T. Henek
DAVID T. HENEK
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
555 4th Street, N.W.
Washington, D.C. 20530
N.Y. Bar No. 5109111
david.t.henek@usdoj.gov
202-252-7825


CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing Memorandum (in redacted form) was sent via email to counsel for the defendant.

 /s/ David T. Henek
DAVID T. HENEK
Assistant U.S. Attorney